UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) TONYA ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-24-492-J |
| | ) | *(formerly Oklahoma County* |
| 1) QUINTESSA LLC d/b/a QUINTESSA MARKETING, | ) | *Case No. CJ-2024-2717)* |
| | ) | |
| Defendant. | ) | |

### DEFENDANT QUINTESSA LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Quintessa LLC ("Quintessa"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this Court. In accordance with LCvR 81.2, a copy of the state court docket sheet, as well as all documents filed or served in the state court action, are attached hereto as **EXHIBITS 1-5**.

The removal of this case to federal court is based on the following:

### I.   FACTUAL BACKGROUND

1. This action stems from an alleged employment agreement between Plaintiff, Tonya Roe ("Plaintiff"), and Quintessa. (*See* Petition, ¶¶ 4-19, **EXHIBIT 2**.)

2. Plaintiff filed her Petition in state court on April 23, 2024. (*See* Petition, **EXHIBIT 2**.)

3. Plaintiff's Petition alleges that while she was an employee of Quintessa, Quintessa had agreed to pay her certain "performance commission bonuses," and that

Quintessa refused to pay such bonuses, in violation of federal labor laws and in breach of the parties' contract. (Petition, ¶¶ 23, 27, **EXHIBIT 2**.)

4. Plaintiff formally served Quintessa with a copy of the Petition and Summons on April 24, 2024. (Return of Service, **EXHIBIT 5**.)

## II. FEDERAL QUESTION JURISDICTION EXISTS

5. "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331-1332.

6. Under 28 U.S.C. § 1331, United States district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."

7. At the time Plaintiff's Petition was filed, federal jurisdiction existed because the Petition expressly alleges a cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (*See* Petition, ¶¶ 20-24, **EXHIBIT 2**.)

8. Specifically, Plaintiff alleges that "Defendant failed to pay Plaintiff her nondiscretionary earnings . . . , and such failure to pay is a violation of the FLSA minimum wage and maximum hour requirements, 29 U.S.C. Section 206 and/or 207 . . . ." (Petition, ¶ 23, **EXHIBIT 2**.)

9.     Accordingly, this civil action "aris[es] under the . . . laws . . . of the United States," and federal question jurisdiction exists under 28 U.S.C. § 1331.[1]

### III.   REMOVAL TO THIS COURT IS TIMELY AND PROPER

10.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Quintessa was first served with Plaintiff's Petition on April 24, 2024. (*See* Return of Service, **EXHIBIT 5**.) As such, thirty days have not elapsed since this action became removable to this Court.

11.    This action has also been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). This action is currently pending in the District Court of Oklahoma County, State of Oklahoma. Oklahoma County is situated in the Western District of Oklahoma. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

12.    Pursuant to 28 U.S.C. § 1446(d), Quintessa will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Quintessa will promptly file this Notice of Removal with the Clerk of the District Court in and for Oklahoma County.

---

[1] This Court likewise has jurisdiction over Plaintiff's state law causes of action for "breach of contract" and "unjust enrichment." *See* 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

## IV.   PRESERVATION OF RIGHTS AND DEFENSES

13.   All rights are reserved, including, but not limited to, all defenses and objections based on Plaintiff's failure to state a claim for relief and failure to sue the appropriate parties, along with all other Rule 12 defenses. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

WHEREFORE, Defendant, Quintessa LLC, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

*s/ Benjamin M. McCaslin*
Benjamin M. McCaslin, OBA #32826
STRIDE LAW, PLLC
P.O. Box 1407
Guthrie, OK 73044
Telephone: (405) 562-7740
Facsimile: (405) 562-5646
Email: ben@stride.law
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing, which will transmit a Notice of Electronic Filing to all counsel of record herein, including:

Dustin J. Hopson
Amy S. Neathery
*Attorneys for Plaintiff*

*s/ Benjamin M. McCaslin*
Benjamin M. McCaslin, OBA #32826
