EXHIBIT 2

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
Andrews

APR 23 2024

RICK WARREN
COURT CLERK
41 _____

CJ-2024-2717

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

TONYA ROE,                                )
                                          )
                Plaintiff,                )
                                          )   Case No. CJ-2024-2717
vs.                                       )
                                          )
QUINTESSA LLC d/b/a                       )
QUINTESSA MARKETING,                      )
                                          )
                Defendant.                )

## PETITION

**COMES NOW**, the Plaintiff, Tonya Roe, by and through her attorney of record, Dustin J. Hopson, and does hereby allege and state the following in support of her causes of action against the Defendant, Quintessa LLC d/b/a Quintessa Marketing, and seeks relief as set forth herein:

### The Parties

1. The Plaintiff, Tonya Roe, is an individual who resides in the State of Oklahoma. The alleged harms to Plaintiff by Defendant occurred while she was in Oklahoma County in the State of Oklahoma.

2. The Defendant, Quintessa Marketing, is a company that is registered in and operates in the State of Oklahoma. Its principal place of business is in Oklahoma, and the alleged harms in this action occurred in Oklahoma County in the State of Oklahoma.

### Jurisdiction and Venue

3. The Plaintiff's claims are presented under the Fair Labor Standards Act,

("FLSA"), 29 U.S.C. §8, et seq., of the United States Code, and the laws of the State of Oklahoma. Further, the actions and omissions of the Defendant giving rise to this action occurred within the boundaries of Oklahoma County, State of Oklahoma. Therefore, jurisdiction and venue are proper in this district, and this claim is properly before this Court.

## Allegations of Fact

4. At all pertinent times, the Plaintiff was employed by Defendant in the position of Senior Operations Manager.

5. Plaintiff was employed by Defendant for approximately two (2) years.

6. Defendant engages in the practice of gathering and selling marketing leads to personal injury attorneys throughout the State of Oklahoma.

7. As part of Plaintiff's job duties, she was required to engage in sales and/or retention, specifically she engaged in efforts to retain current clients and/or expand/grow sales to current clients.

8. In approximately May of 2022, the Plaintiff was asked to appear in a meeting with company Chief Executive Officer (CEO), Lauren Mingee, the company Chief Operating Officer (COO), Mike Walker, and her supervisor at the time, Samantha Koob.

9. The ostensible and reported reason for the meeting was to discuss performance bonus payments for the Retention Department, including the Plaintiff.

10. During the May 2022 meeting, company executives including the CEO

and CFO informed Plaintiff and her co-workers that in exchange for increased sales and retention associated with current clients, that they would receive, as part of their standard pay package, performance commission bonuses of 5% of new sales or retention sales above that which clients had already contracted, or growth of accounts for current clients, to which Plaintiff agreed.

11. Such agreed bonuses were to be calculated as a percentage of sales and retention/growth sales and were not discretionary.

12. As of this date, Plaintiff has not received payment for any of her performance associated with sales or growth of accounts.

13. On February 7, 2024, Petitioner sent multiple electronic messages to Victor Ponce ("Ponce"), the Director of Human Resources for the company, in which she inquired about whether and when she would be paid performance bonuses due and owed to her.

14. In her messages to Ponce, Plaintiff referenced the meeting of May 2022, and the bonus structure that was promised.

15. On the same day, February 7, 2024, Plaintiff had a meeting with her supervisor, Mark Oare.

16. During the meeting with her supervisor, Plaintiff again inquired about her commission/bonus.

17. During the meeting with her supervisor, which took place in his office,

Oare told Plaintiff that the reason she had not received her commission/bonus "was his (Oare's) fault," and that she would receive her commission/bonus by Friday, February 9, 2024.

18.     On the next day, February 8, 2024, prior to receiving payment due and promised, Plaintiff was placed on administrative leave. She was not paid her commission/bonus/performance pay.

19.     On February 13, 2024, six days after inquiring about her unpaid Performance commission/bonus, Plaintiff was terminated.

### I. CAUSE OF ACTION – FAIR LABOR STANDARDS ACT

20.     Plaintiff adopts and incorporates paragraphs 1-19 above, as if fully set forth herein.

21.     The Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, requires employers to pay proper minimum wages and/or overtime to employees.

22.     Plaintiff is not exempt from the minimum wage and maximum hour provisions of the FLSA.

23.     Defendant's failure to pay Plaintiff her nondiscretionary earnings was willful, and such failure to pay is a violation of the FLSA minimum wage and maximum hour requirements, 29 U.S.C. Section 206 and/or 207 to which Plaintiff is entitled to recover.

24.     The Defendant's actions were the proximate and actual cause of Plaintiff's damages, and she is entitled to cover the full amount of unpaid wages, unpaid overtime, wages or payments due and owed, together with an additional

amount of damages as liquidated damages, and reasonable costs and attorney fees.

## II. CAUSE OF ACTION – BREACH OF CONTRACT

25. Plaintiff adopts and incorporates paragraphs 1-24 above, as if fully set forth herein.

26. The parties engaged in an agreement that included an offer, acceptance, and consideration, therefore giving rise to a contract under the laws of the State of Oklahoma.

27. Defendant failed to perform its obligations under the contract, and therefore is responsible for a breach of contract, for which Plaintiff is entitled to recover.

28. The Defendant's actions were the proximate and actual cause of Plaintiff's damages, and she is entitled to cover the full amount of earnings and compensation due and owed under the contract, together with interest thereupon. See 23 O.S. Section 22.

## III. CAUSE OF ACTION – UNJUST ENRICHMENT

29. Plaintiff adopts and incorporates paragraphs 1-28 above, as if fully set forth herein.

30. Defendant failed to pay Plaintiff the commissions to which she earned and was promised.

31. By failing to properly pay Plaintiff, Defendant has unjustly benefited from retaining funding owed to Plaintiff.

32. The Defendant's actions were the proximate and actual cause of Plaintiff's damages, and she is entitled to cover the full amount of earnings and compensation due and owed under the contract, together with interest thereupon.

### PRAYER FOR RELIEF

WHEREFORE, reasons set forth herein, Plaintiff prays for judgement in her favor on all claims set forth in her Petition, and asks the court to enter an Order awarding her damages available under the Fair Labor Standards Act, to include all compensation due and owed, together with liquidated damages, and her reasonable costs and attorney fees, together with any other remedy the court deems necessary and appropriate under the laws of the State of Oklahoma.

Respectfully submitted,

*Amy S. Neathery*
Dustin J. Hopson, OBA #19840
Amy S. Neathery, OBA #20344
Hopson Legal LLC
119 N. Robinson Ave., #650
Oklahoma City, OK 73102
Telephone: (405) 633-2838
Email: dustin@hopsonlawfirm.com
Email: amy@hopsonlawfirm.com
*Attorney for Plaintiffs*