UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONYA ROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:24-cv-000492-J |
| ) | |
| QUINTESSA LLC d/b/a ) | |
| QUINTESSA MARKETING, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S PETITION**

Defendant, Quintessa LLC ("Defendant"), for its Amended Answer to Plaintiff's Petition, states as follows:

1. Defendant admits the allegations in paragraphs 1 and 2 of Plaintiff's Petition.

2. With respect to paragraph 3 of Plaintiff's Petition, Defendant admits that the alleged actions and omissions of Defendant giving rise to this suit occurred within Oklahoma County. The remaining statements contained in paragraph 3 are legal conclusions to which no response is required. To the extent Defendant is required to respond to such statements, Defendant denies the same.

3. Defendant admits the allegations in paragraphs 4-6 of Plaintiff's Petition.

4. With respect to paragraph 7 of Plaintiff's Petition, Defendant admits that Plaintiff's job duties included client retention efforts. Defendant denies all other allegations in paragraph 7.

5. Defendant lacks sufficient information to admit or deny the allegations in paragraphs 8 and 9 of Plaintiff's Petition.

6. Defendant denies the allegations in paragraph 10-12 of Plaintiff's Petition.

7. Defendant lacks sufficient information to admit or deny the allegations in paragraphs 13 and 14 of Plaintiff's Petition.

8. With respect to paragraphs 15-17 of Plaintiff's Petition, Defendant admits that on or around February 7, 2024, Plaintiff and Mark Oare had an informal conversation about Plaintiff's eligibility for commission/bonus payments. Defendant denies all other allegations in paragraphs 15-17.

9. With respect to paragraph 18 of Plaintiff's Petition, Defendant admits Plaintiff was placed on leave and was not paid a bonus or commission, but Defendant denies that such a payment was promised (or owed) to Plaintiff.

10. With respect to paragraph 19 of Plaintiff's Petition, Defendant admits that Plaintiff's employment was terminated on February 13, 2024, but Defendant denies the insinuation that Plaintiff's termination was related to her "inquiring about her . . . commission/bonus pay."

11. Paragraphs 20-22 of Plaintiff's Petition consist of general statements and legal conclusions to which no response is required. To the extent Defendant is required to respond to such statements and legal conclusions, Defendant denies the same.

12. Defendant denies the allegations in paragraphs 23-32 of Plaintiff's Petition.

13. Defendant denies and objects to all relief requested under the "PRAYER FOR RELIEF" heading in Plaintiff's Petition.

WHEREFORE, Defendant requests the Court to 1) enter judgment in favor of Defendant on all causes of action alleged in Plaintiff's Petition, and 2) award Defendant

all costs and attorney fees incurred in defending this action, along with any further relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief may be granted.

2. Failure or lack of consideration.

3. Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, release, waiver, and/or estoppel.

4. Plaintiff's claims are barred in whole or in part by laches.

5. Plaintiff's claims are barred in whole or in part by the statute of frauds.

6. Plaintiff was an "exempt" employee under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

7. Plaintiff's claims are barred because Plaintiff did not suffer any actual injury or damages.

8. Defendant complied with its obligations under the Fair Labor Standards Act in regard to Plaintiff.

9. Defendant did not engage in any conduct that could be considered a willful violation of the Fair Labor Standards Act under the meaning of "willful" in 29 U.S.C. § 255(a).

10. Plaintiff's claims are barred because to the extent they seek to recover for time that is *de minimus* work time and thus not compensable under the FLSA. Further, any alleged time for which Plaintiff seeks compensation is irregular, as well as practically and administratively difficult to record.

11.	In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant during Defendant's employment.

12.	Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

13.	Plaintiff's claims are barred to the extent Plaintiff seeks recovery for time that is not compensable time, *i.e.* "hours worked" under the FLSA.

Defendant reserves the right to amend this Answer to add, delete, or modify affirmative defenses based upon legal theories which may or will be divulged through amendment of pleadings, through discovery, or through further legal analysis of Plaintiff's claims or available defenses in this litigation.

Respectfully submitted,

*s/ Benjamin M. McCaslin*
Benjamin M. McCaslin, OBA #32826
STRIDE LAW, PLLC
P.O. Box 1407
Guthrie, OK 73044
Telephone: (405) 562-7740
Facsimile: (405) 562-5646
ben@stride.law

—**and**—

>Rebecca L. Adams, TX Bar #24098255
>3401 NW 63rd Street Suite 300
>Oklahoma City, Oklahoma 73116
>Telephone: (831) 325-4575
>rebecca.adams@quintessamarketing.com
>***Attorneys For Defendant,***
>***Quintessa LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing, which will transmit a Notice of Electronic Filing to all counsel of record herein, including:

Dustin J. Hopson
Amy S. Neathery
***Attorneys for Plaintiff***

>*s/ Benjamin M. McCaslin*
>Benjamin M. McCaslin, OBA #32826